J-S07016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ADOPTION OF W.R.S. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: L.M., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1036 WDA 2021 |

Appeal from the Decree Entered August 9, 2021
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  32-20-0414

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY SULLIVAN, J.:        **FILED: April 20, 2023**

While I agree that the orphans' court's decree should be vacated and the matter remanded, I disagree with the Majority's analysis and write separately to explain the alternate basis on which I concur in the result of the Majority's decision.

The majority correctly notes that, in **C.M.**, our High Court explained that a parent's efforts to enforce his or her legal custody rights unquestionably establish the affirmative performance of a positive parental duty, and that when such action is taken in the face of a custodial parent's efforts to thwart access to the child, the attempts to enforce custodial rights provide evidence that is "highly relevant" to the question of whether the requirements of subsection 2511(a)(1) have been met.  **In re Adoption of C.M.**, 255 A.3d

---

[*] Retired Senior Judge assigned to the Superior Court.

343, 367 (Pa. 2021). In my view, the Court's analysis and holding in *C.M.* was dictated, in large part, by the fact that mother had erected barriers to father's relationship with child, and that father had been ***actively pursuing a custody complaint for two months*** when mother and maternal grandparents filed their termination petition. The *C.M.* Court highlighted father's legal efforts as follows:

> In this case, two months prior to the April 15, 2019 filing of the termination petition, Father attempted contact, Mother refused, and in response, on February 28, 2019, Father ***initiated and actively pursued a complaint for custody***, seeking a visitation arrangement that could gradually increase to shared custody. . . . Father ***attended the court-ordered mediation and conciliation proceedings***, suggesting he begin contact gradually, and complied with the court's requirements in the support case until Mother withdrew her complaint. . . . [B]efore the custody matter and Father's contact with C.M. could progress any further, appellants filed their termination petition.

> Thus, . . . despite Father's prior lengthy absence, ***his proactive participation in the custody court's measured requirements during the time the case was active*** demonstrates affirmative performance of Father's parental duties to the maximum extent apparent at the time under these circumstances, as well as an interest in and respect for the young child's safety and emotional needs. The orphans' court's finding Father "fail[ed] to take further action to have contact with his child" is not supported by the record, and conflicts with the court's additional finding the action he did take to attempt contact — *i.e.*, ***pursuing a legal proceeding to enforce his custodial rights*** — was too late, which conclusion is not supported by the law. . . . These determinations were therefore erroneous. Consequently, because the record demonstrates Father ***continuously exercised parental duties during the two months preceding the filing of the petition***, appellants did not meet their burden to establish by clear and convincing evidence he failed or refused to perform parental duties, or a settled purpose of relinquishment, for a period of at least six months immediately preceding the filing of the petition.

**C.M.**, 255 A.3d at 368 (internal citations and quotation marks omitted, emphasis added).

However, a few months later, in **In re Adoption of L.A.K.**, 265 A.3d 580, 594 (Pa. 2021), the High Court was faced with a mere one-week period between the filing of the custody complaint and the filing of a termination petition, which is an insufficient time period for any party to litigate a custody complaint. Consequently, the **L.A.K.** Court was unable to employ the "actively pursued" reasoning it used in **C.M. See id**. Moreover, the **L.A.K.** Court distinguished **C.M.** on the basis that there were no attempts by mother to dissuade father from having contact with his children. **See id.**, 265 A.3d at 594. Thus, the **L.A.K.** Court was required to address a situation where, in the critical six-month period prior to the filing of the termination petition, the non-custodial father performed no parental duties but had nevertheless initiated legal proceedings by filing a complaint for custody after working diligently to overcome his own barrier of alcoholism.

In my view, the **L.A.K.** Court elected to refine its ruling in **C.M.** to hold that the mere filing of a custody complaint in the six-month period prior to the filing of the termination petition, without more, is sufficient to preclude the involuntary termination of parental rights under section 2511(a)(1). The **L.A.K.** Court stated:

> As in **C.M.**, this legal action constituted the affirmative performance by father of a positive parental duty in the crucial six-month period before appellees filed the termination petitions.

> ***Based upon our ruling in C.M.**, father must be credited for his assertion of custody rights during the crucial six-month period. Thus, appellees failed to provide clear and convincing evidence that father failed or refused to perform parental duties, or demonstrated a settled purpose of relinquishment during the six-month period immediately preceding the filing of the termination petitions.*

*Id*. at 594-95 (footnote and unnecessary capitalization omitted, emphasis added). The ***L.A.K.*** Court expressly determined that father's initiation of legal proceedings to enforce his custodial rights to his children prevented termination under section 2511(a)(1). After unequivocally concluding that the petitioners had not met their burden of proof under section 2511(a)(1), the High Court went on to discuss the totality of the circumstances. Accordingly, its discussion of the totality of the circumstances is dicta.

As I interpret ***C.M.*** and ***L.A.K.***, where it is undisputed that the non-custodial parent has evidenced a settled purpose of relinquishing his or her parental claim to a child or has refused or failed to perform parental duties ***and no custody complaint has been filed***, the trial court must still examine the individual circumstances and any explanation offered by the parent to determine if that evidence, in light of the totality of circumstances, clearly warrants permitting the involuntary termination of parental rights pursuant to section 2511(a)(1). ***C.M.***, 255 A.3d at 364; ***see also id***. at 365 (requiring consideration of the totality of the circumstances, including: (1) the parent's explanation for his or her conduct; (2) the post-abandonment contact between the parent and child, if any, including any efforts made by the parent to

- 4 -

reestablish contact with the child; and (3) the effect that termination of parental rights would have on the child pursuant to subsection 2511(b)).

However, pursuant to **L.A.K.**, where the non-custodial parent has initiated legal proceedings to enforce his or her custodial rights in the critical six-month period prior to the filing of the termination petition, the petitioners are precluded from meeting their burden of proving by clear and convincing evidence that the non-custodial parent failed or refused to perform parental duties or demonstrated a settled purpose of relinquishment during the six-month period immediately preceding the filing of the termination petition. *See L.A.K.*, 265 A.3d at 594-95.

In sum, I believe that the orphans' court's determination that Father "has never performed any parental duties" and "fail[ed] to perform any parental duties in the six-month period prior to the filing of the termination petition" is not supported by the record. *See* Trial Court Opinion, 9/22/21, at unnumbered 5. As instructed by our Supreme Court in *L.A.K.*, Father must be credited for his assertion of custody rights during the crucial six-month period. *See L.A.K.*, 265 A.3d at 594-95. Because the orphans' court failed to afford Father such credit, the record does not support the court's determination that Mother and Stepfather established by clear and convincing evidence that Father failed or refused to perform parental duties or a settled purpose of relinquishment for a period of at least six months immediately preceding the filing of the termination petition. *See id*.; *see also* 23

Pa.C.S.A. § 2511(a)(1). For this reason, I would vacate the termination decree and remand for further proceedings in the custody action.